IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| James Regan, Jesse Faircloth, Michael Pack, Thomas Haffey, Jacob Stafford, and Kyle Watkins, Each on Behalf of Himself and All Others Similarly Situated, | ) ) ) ) ) ) |
| Plaintiff, | ) ) C.A. No.: 2:13-cv-3046-PMD |
| v. | ) **ORDER** |
| City of Charleston, South Carolina, | ) ) ) |
| Defendant. | ) ) |

This matter is before the Court on Plaintiffs James Regan, Jesse Faircloth, Michael Pack, Thomas Haffey, Jacob Stafford, and Kyle Watkins's ("Plaintiffs") Motion for Leave to File Late Opt-In Consent to Join Forms (ECF No. 104) ("Motion"). Defendant City of Charleston, South Carolina ("Defendant" or "the City") opposes, at least in part, Plaintiffs' Motion. For the reasons set forth herein, the Court grants Plaintiffs' Motion.

**BACKGROUND**

Plaintiffs, current or former firefighters with the City's Fire Department, commenced this action on November 7, 2013, on behalf of themselves and others similarly situated, seeking unpaid overtime compensation pursuant to the collective action provision of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b). On February 7, 2014, Plaintiffs filed a Motion for Conditional Certification seeking to conditionally certify this matter as a collective action under the FLSA, as well as requesting permission to send notices to potential plaintiffs. On July 16, 2014, following extensive briefing, as well as a status conference, the Court granted in part and denied in part Plaintiffs' Motion for Conditional Certification. In doing so, the Court authorized

Plaintiffs to provide putative class members with notice of the opportunity to opt-in to this collective action. More specifically, the Court's July 16, 2014 Order provided potential plaintiffs an agreed-upon forty-five days from the date of mailing of the Authorized Notice to opt-in to the conditionally certified class by filing the requisite consent to join form ("Consent Form"). Accordingly, Plaintiffs' counsel had until September 15, 2014, to file any Consent Forms with the Court.

On or prior to September 15, 2014, Plaintiffs filed over 200 Consent Forms. Shortly after the deadline, Plaintiffs' counsel sought the City's consent to file six opt-in Consent Forms that were not filed by September 15, 2014. Although the City consented to the joinder of one of the six proposed plaintiffs, Alan King, because it determined that Mr. King's opt-in form was postmarked on or before the September 15, 2014 deadline, the City did not consent to the joinder of the remaining five individuals. Accordingly, Plaintiffs filed the instant Motion on October 14, 2014, seeking the Court's leave to file the remaining five untimely opt-in Consent Forms. On November 3, 2014, the City responded in opposition to Plaintiffs' Motion. In its Response, the City asks the Court to: (1) "establish a date by which the five late opt-ins must submit affidavits, signed under penalty of perjury, explaining why they were unable to meet the September 15, 2014, deadline, and permit those opt-ins only to the extent that the Court finds their explanations reasonable in light of the remedial purposes of the FLSA" and (2) "further establish that date as a final date after which opt-ins will not be permitted and limit the opt-ins who may take advantage of that period to the five individuals identified in Plaintiffs' motion." (Def.'s Resp. 8). On November 12, 2014, Plaintiffs filed a Reply, insisting that affidavits were unnecessary and explaining that "Plaintiffs are simply seeking a one-time exception to the original deadline." (Pls.' Reply 3).

After determining that all relevant circumstances should be considered in determining whether to excuse the potential plaintiffs' failure to timely file their Consent Forms, the Court entered a Text Order on January 12, 2015, directing Plaintiffs' counsel to procure from each of the five potential plaintiffs identified in the Motion a detailed affidavit addressing the reasons he did not timely return or file a Consent Form. The Court further instructed Plaintiffs' counsel to file these affidavits, along with the corresponding Consent Forms, within fifteen days of the date of the Text Order. On January 26, 2015, Plaintiffs filed the five affidavits, accompanied by the requisite Consent Forms. Accordingly, this matter is now ripe for consideration.

## **DISCUSSION**

Under the FLSA, a claim for unpaid minimum wages, unpaid overtime compensation, or liquidated damages "shall be forever barred unless commenced within two years after the cause of action accrued, except that a cause of action arising out of a willful violation may be commenced within three years after the cause of action accrued." 29 U.S.C. § 255(a). In the context of a collective action filed pursuant to the FLSA, the action is deemed "commenced" as to an individual claimant:

> (a) on the date when the complaint is filed, if he is specifically named as a party plaintiff in the complaint and his written consent to become a party plaintiff is filed on such date in the court in which the action is brought; or
> (b) if such written consent was not so filed or if his name did not so appear—on the subsequent date on which such written consent is filed in the court in which the action was commenced.

29 U.S.C. § 256. While the FLSA outlines the procedure for individuals to join a collective action as potential plaintiffs under § 256(b), it does not specify when the potential plaintiffs must opt-in to the action. *E.g.*, *Heaps v. Safelite Solutions, LLC*, No. 2:10-CV-729, 2011 WL 6749053, at *1–2 (S.D. Ohio Dec. 22, 2011); *see* 29 U.S.C. §§ 216(b), 255, 256. Instead, opt-in deadlines are set by the trial court. Further, the FLSA does not set forth or otherwise prescribe

3

the standard under which a trial court should consider whether potential plaintiffs may join a collective action by filing the requisite opt-in consent forms after the stated deadline. *Ruggles v. Wellpoint, Inc.*, 687 F. Supp. 2d 30, 37 (N.D.N.Y. 2009).

As noted by the City, the district courts that have been confronted with this question have taken a variety of different approaches.[1] Indeed, "the caselaw on this issue is wide-ranging." *Id.* However, these "courts have generally decided the question by balancing various combinations of the following factors: (1) whether 'good cause' exists for the late submissions; (2) prejudice to the defendant; (3) how long after the deadline passed the consent forms were filed; (4) judicial economy; and (5) the remedial purposes of the FLSA." *Id.* (collecting cases). Having carefully considered and balanced these factors, the Court concludes that allowing the five individuals to join this action despite their failure to submit the requisite Consent Forms before the September 15, 2014 deadline is appropriate under the circumstances of this case.

Although the affidavits filed by Plaintiffs' counsel do not support a finding of "good cause" for each potential plaintiff's failure to timely return and file a Consent Form, the Court finds that the other relevant factors weigh in favor of allowing the late submissions.[2]     Most

---

1. Aside from recognizing, in an unpublished decision, that such matters are committed to the sound discretion of the district court, *see In re Food Lion, Inc.*, 151 F.3d 1029, at *11 (4th Cir. June 4, 1998) (per curiam); *see also Hoffmann–La Roche Inc. v. Sperling*, 493 U.S. 165, 172 (1989) (acknowledging that in collective actions under the FLSA district courts are empowered to "set[] cutoff dates to expedite disposition of the action"), the Fourth Circuit has offered little, if any, guidance on this issue.
2. It appears that two of the five individuals, Thomas Brennan and Herbert Stafford, were in the process of moving during the notice period. Moreover, the affidavit of a third individual, Kevin White, reveals that he was away from home while "serving in the field as a member of the Army National Reserve." (White Aff. ¶ 7 ECF No. 117-1, at 2). To the contrary, potential plaintiffs Ryan Wood and Jordan Vacchiano do not even attempt to offer good cause for their failure to timely file their Consent Forms. While the Court understands and appreciates the City's concern that allowing late filings in the absence of good cause risks rendering deadlines meaningless, the Court concludes that not allowing joinder under these circumstances would be inappropriate and unfair. *See Saleem v. Corporate Transp. Grp., Ltd.*, No. 12-civ.-8450-JMF, 2013 WL 6331874, at *3 (S.D.N.Y. Dec. 5, 2013); *see also, e.g.*, *Helton v. Factor 5, Inc.*, No. C 10-04927 SBA, 2014 WL 1725734, at *2–3 (N.D. Cal. Apr. 29, 2014) (permitting joinder where the plaintiffs failed to demonstrate good cause but the remaining *Ruggles* factors supported allowing the individuals to opt-in); *Heaps*, 2011 WL 6749053, at *1–2 (same); *Ruggles*, 687 F. Supp. 2d at 37 (same); *In re Wells Fargo Home Mortg. Overtime Pay Litig.*, No. MDL 06–01770 MHP, 2008 WL 4712769, at *2 (N.D. Cal. Oct. 23, 2008) (rejecting a "rigid application of a 'good cause' standard" because it "does not fully respond to the various factors with which the court must concern itself" such as judicial economy and prejudice to

importantly, it is readily apparent that the City will not be prejudiced by allowing these five individuals to join this action. At the time Plaintiffs filed the instant Motion, the Parties had not yet exchanged written discovery, taken depositions, or otherwise engaged in representative discovery. Additionally, each of the five Consent Forms presently at issue were returned and filed within one month of the September 15, 2014 deadline. Moreover, Plaintiffs' counsel insists that he immediately informed counsel for the City that these five individuals, who represent less than two percent of the current class, wished to join this action. *Benavidez v. Piramides Mayas Inc.*, No. 09 CIV. 5076 KNF, 2013 WL 1627947, at *3 (S.D.N.Y. Apr. 16, 2013) (noting that the defendants would not be prejudiced by allowing consent forms filed three months late where the two plaintiffs represented only 2.7 percent of the class), *reconsideration denied in part*, No. 09 CIV. 5076 KNF, 2013 WL 2357527 (S.D.N.Y. May 24, 2013). Therefore, the City is not prejudiced by the one-month delay, and the addition of these five individuals will not disrupt the discovery process. *Hurt v. Commerce Energy, Inc.*, No. 1:12-CV-758, 2014 WL 494571, at *2 (N.D. Ohio Feb. 6, 2014); *Ruggles*, 687 F. Supp. 2d at 37.

Further, interests of judicial economy are best served by allowing these five potential plaintiffs to join the pending action. Indeed, if the Court were to deny Plaintiffs' Motion, the five potential plaintiffs may still be able to institute separate actions against the City. Accordingly, the consequences of denying joinder would likely be the same, albeit perhaps in the context of one or more separate lawsuits. Further still, any such separate action may ultimately be consolidated with the case *sub judice*. *See Abubakar v. Cnty. of Solano*, No. Civ. S-06-2268-LKK/EFB, 2008 WL 550117, at *2 (E.D. Cal. Feb. 27, 2008) (noting the likelihood that separate actions alleging identical claims would be consolidated under Rule 42(a) of the Federal Rules of

---

the defendant (citing *Raper v. State of Iowa*, 165 F.R.D. 89, 89 (S.D. Iowa 1996))). With regard to the City's "floodgate" argument, the Court finds, as noted below, that any such risk is sufficiently mitigated both by this Order and by Plaintiffs' concession that they are "simply seeking a one-time exception." (Pls.' Reply 3).

Civil Procedure). "Obviously, there is little economy in spawning identical FLSA lawsuits that themselves might be properly joined with this lawsuit in the future." *Ruggles*, 687 F. Supp. 2d at 38. Lastly, the Court notes that allowing the five potential plaintiffs to opt-in to the pending collective action is consistent with the FLSA's remedial statutory scheme. *See Kelley v. Alamo*, 964 F.2d 747, 749–50 (8th Cir. 1992) ("The FLSA should be given a broad reading, in favor of coverage. It is a remedial statute that 'has been construed liberally to apply to the furthest reaches consistent with congressional direction.' A generous reading, in favor of those whom [C]ongress intended to benefit from the law, is also appropriate when considering issues of time limits and deadlines." (quoting *Mitchell v. Lublin, McGaughy & Assocs.*, 358 U.S. 207, 211 (1959))).

In sum, applying the aforementioned factors, the Court concludes that permitting the five individuals to join this collective action is appropriate under the circumstances of this case. Accordingly, the Court accepts the five untimely Consent Forms "as filed as of the date that they were submitted to the Court."[3] *Thompson v. Linda & A., Inc.*, 779 F. Supp. 2d 139, 145 (D.D.C. 2011); *see* 29 U.S.C. § 256(b) (providing that a FLSA collective action is "commenced" as to an individual claimant "on the subsequent date on which such written consent is filed in the court in which the action was commenced").

---

3. In its Response to the present Motion, the City asks the Court to establish a future date as the deadline for additional opt-in plaintiffs and to limit the individuals who may take advantage of that extended deadline to the five potential plaintiffs named in Plaintiffs' Motion. Plaintiffs contend in their Reply that an extension is not required because they "are not seeking an extension for other opt-in plaintiffs to join" but instead "are simply seeking a one-time exception to the original deadline for the five (5) late opt-in plaintiffs." (Pls.' Reply 2–3). Because the Court will accept the Consent Forms as initially filed, the Court need not address this issue. "However, the 'Plaintiffs are forewarned that any future motion to include additional opt-in plaintiffs would not be looked upon favorably by the Court.'" *Stevenson v. Great Am. Dream, Inc.*, No. 1:12-CV-3359-TWT, 2014 WL 4925597, at *2 (N.D. Ga. Sept. 30, 2014) (quoting *Ruggles*, 687 F. Supp. 2d at 38).

## CONCLUSION

For the foregoing reasons, it is **ORDERED** that Plaintiffs' Motion for Leave to File Late Opt-In Consent to Join Forms is **GRANTED**.

**AND IT IS SO ORDERED.**

*[signature]*
PATRICK MICHAEL DUFFY
United States District Judge

**March 23, 2015**
**Charleston, South Carolina**

7