# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| James Regan, Jesse Faircloth, Michael Pack, Thomas Haffey, Jacob Stafford, and Kyle Watkins, Each on Behalf of Himself and All Others Similarly Situated, | )<br>)<br>)<br>)<br>)<br>) |
| Plaintiff, | )    C.A. No.: 2:13-cv-3046-PMD |
| v. | )    **ORDER** |
| City of Charleston, South Carolina, | )<br>) |
| Defendant. | ) |

This matter is before the Court on Defendant City of Charleston, South Carolina's ("Defendant" or "the City") Motion for Temporary Stay of Discovery and Other Pending Deadlines (ECF No. 127) ("Motion to Stay") pursuant to Rule 16.00 of the Local Civil Rules (D.S.C.). For the reasons set forth herein, the Court denies the City's Motion to Stay.

## DISCUSSION

Plaintiffs James Regan, Jesse Faircloth, Michael Pack, Thomas Haffey, Jacob Stafford, and Kyle Watkins ("Plaintiffs"), current or former firefighters with the City's Fire Department, commenced this action on November 7, 2013, on behalf of themselves and others similarly situated, seeking unpaid overtime compensation pursuant to the collective action provision of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b). On Plaintiffs' motion, and following extensive briefing and a status conference, the Court conditionally certified this matter as a collective action on July 16, 2014. In doing so, the Court authorized Plaintiffs to provide putative class members with notice of the opportunity to opt-in to this lawsuit. To date, over 200 Plaintiffs have joined this action.

On February 23, 2015, the City filed a Motion for Partial Summary Judgment, which has been thoroughly briefed by the Parties. According to the City, its Motion for Partial Summary Judgment "is not based on the merits of Plaintiffs' claims" but rather "is based solely on affirmative defenses ple[added] pursuant to 29 U.S.C. §§ 259 and 260."[1] (Def.'s Mot. for Summ. J. 1, ECF No. 126). The City, in conjunction with its Motion for Partial Summary Judgment, filed the instant Motion to Stay. In support of its Motion to Stay, the City maintains that a temporary stay of discovery and other deadlines pursuant to Rule 16.00 of the Local Civil Rules (D.S.C.) is warranted in light of the pending Motion for Partial Summary Judgment. More specifically, the City contends that a stay is necessary to prevent prejudice to the City, because its "§ 259 defense," "which is the primary focus of [the Motion for Partial Summary Judgment,] provides an absolute bar to liability *and* a jurisdictional bar to suit." (Def.'s Mot. to Stay 1). Plaintiffs oppose the Motion to Stay, insisting both that a stay is unnecessary and that further delay may have an adverse impact on the availability of witnesses at trial.

Rule 16.00 of the Local Civil Rules provides, in relevant part, that "[t]he court may stay entry of the scheduling order(s) and all federal and local civil rule disclosure and conference requirements pending resolution of a motion to remand or to dismiss or other dispositive motion." Local Civ. Rule 16.00(C) (D.S.C.). "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299

---

1. The Portal–to–Portal Act of 1947, 29 U.S.C. §§ 251 *et seq.*, includes certain employer defenses that may apply even if the employer is found to be in violation of the FLSA. *Gaxiola v. Williams Seafood of Arapahoe, Inc.*, 776 F. Supp. 2d 117, 127 (E.D.N.C. 2011). The City seeks to rely on two such defenses in its Motion for Partial Summary Judgment. The first defense is codified at 29 U.S.C. § 259(a) and "shields employers from liability under the FLSA if the employer pleads and proves that it acted in good faith reliance upon a written administrative regulation, order, ruling, approval, or interpretation, of the United States Department of Labor ("DOL"), or an administrative practice or enforcement policy of DOL." *Martinez–Hernandez v. Butterball, LLC*, No. 5:07-CV-174-H 2, 2011 WL 4591073, at *2 (E.D.N.C. Sept. 30, 2011). The second defense, which is codified at 29 U.S.C. § 260, "gives the court discretion to limit or deny liquidated damages where the employer is found to have acted in good faith and had reasonable grounds to believe his act or omission did not violate the FLSA." *Id.* at *3.

2

U.S. 248, 254 (1936); *see also Petrus v. Bowen*, 833 F.2d 581, 583 (5th Cir. 1987) ("A trial court has broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined."). The proper use and application of this discretionary authority to stay proceedings and deadlines requires "the exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis*, 299 U.S. at 254–55 (citations omitted).

In the present case, the Court has carefully considered the Parties' respective interests and the arguments of counsel and finds that a stay is not warranted at this time. As correctly noted by Plaintiffs, the Consent Amended Scheduling Order in this matter provides that discovery shall be completed by April 15, 2015. Accordingly, the Court is not inclined to stay discovery on the eve of its completion. Moreover, although the City maintains that the good faith defense provides "immunity from suit" that would be "effectively lost" if it were forced to continue with this litigation, (Def.'s Mot. for Summ. J. 1–2), the Court is neither persuaded by this characterization[2] nor convinced that the City will suffer any real prejudice by engaging in several more weeks of discovery.[3] Further, as suggested by Plaintiffs, complying with the other

---

2.  Recently, in *Perez v. Mortgage Bankers Ass'n*, 135 S. Ct. 1199 (2015), the Supreme Court described 29 U.S.C. § 259 as an example of a "safe-harbor provision[] that shelter[s] regulated entities from liability when they act in conformance with previous agency interpretations." *Id.* at 1209; *see also, e.g.*, *Quirk v. Balt. Cnty., Md.*, 895 F. Supp. 773, 788 (D. Md. 1995) (noting that § 260 "provides a limited defense to § 216"); *Petrlik v. Cmty. Realty Co.*, 347 F. Supp. 638, 645 (D. Md. 1972) (concluding that the defendant was "not entitled to the defense of good faith reliance" under either §§ 259 or 260); *Pilkenton v. Appalachian Reg'l Hosps., Inc.*, 336 F. Supp. 334, 339 (W.D. Va. 1971) ("If proved, [§ 259] is a complete defense." (citing *Clifton D. Mayhew, Inc. v. Wirtz*, 413 F.2d 658 (4th Cir. 1969))); *cf.* 29 C.F.R. § 790.13 ("The relief from liability or punishment provided by sections 9 and 10 of the Portal Act is limited by the statute to employers who both plead and prove all the requirements of the defen[s]e."); *id.* at n.93 ("The requirements of the statute as to pleading and proof emphasize the continuing recognition by Congress of the remedial nature of the Fair Labor Standards Act and of the need for safeguarding the protection which Congress intended it to afford employees."). *But see Horan v. King Cnty., Wash., Div. of Emergency Med. Servs.*, 740 F. Supp. 1471, 1480 (W.D. Wash. 1990) ("[S]ection 259 of the Portal–to–Portal Pay Act grants an employer absolute immunity from paying unpaid overtime compensation, liquidated damages, court costs and attorney's fees for FLSA violations if the employer acts in conformity with and reliance upon written rulings of the Administrator of DOL's Wage and Hour Division.").
3.  To the contrary, completing discovery may shed further light on the issue of the availability of the good faith defense. In fact, the Fourth Circuit has clearly stated, in the context of 29 U.S.C. § 260, that district courts should

outstanding deadlines will not be onerous and should not be complicated by the pendency of the City's Motion for Partial Summary Judgment. Nevertheless, in the event that the Parties need additional time to comply with one or more of the impending deadlines, the Court will entertain any such request or proposed revision to the Consent Amended Scheduling Order. Having balanced the Parties' respective interests and competing concerns, the Court concludes that the circumstances do not warrant staying this action pending disposition of the City's Motion for Partial Summary Judgment.

## CONCLUSION

For the foregoing reasons, it is **ORDERED** that the City's Motion for Temporary Stay of Discovery and Other Pending Deadlines is **DENIED**.

**AND IT IS SO ORDERED.**

PATRICK MICHAEL DUFFY
United States District Judge

**March 31, 2015**
**Charleston, South Carolina**

---

"consider any evidence that may be offered by either party on the issue of good faith as a defense to liquidated damages." *Wright v. Carrigg*, 275 F.2d 448, 449 (4th Cir. 1960).

4